UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELICIA GRAUEL,

       Plaintiff,

v.                                                    Case No. 8:16-cv-2000-T-23AEP

FEDERAL EXPRESS, *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, who proceeds in this matter *pro se*, filed an Amended Complaint (Dkt. No. 6) against Fedex Express ("Fedex") and Fedex employees Latefah Cade and Michael E. O'Hearn. While working in California, Plaintiff claims that she told Defendants that she suffered numerous medical issues. Despite this knowledge, Cade and O'Hearn attempted to force Plaintiff to continue working in spite of her medical issues. Plaintiff states that this harassment caused her to be terminated from her employment with Fedex.

      Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) is also before this Court, which the Court construes as a motion to proceed *in forma pauperis*. Although the Court previously denied this construed motion without prejudice (*see* Dkt. No. 5.), this Court assumes that by filing an Amended Complaint, Plaintiff wishes to renew the request. However, because it is not clear from the face of Plaintiff's Amended Complaint that venue is proper in the Middle District of Florida, Plaintiff's renewed construed motion to proceed *in forma pauperis* must be denied, and this Court recommends that Plaintiff's Amended Complaint be dismissed with prejudice.

## PROCEDURAL HISTORY

Plaintiff previously filed a Complaint (Dkt. No. 1), together with an Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. No. 2), which this Court construed as a motion for leave to proceed *in forma pauperis*.  In a July 29, 2016 Order, this Court considered the Complaint and the construed motion.  (*See* Dkt. No. 5).  The Court found that venue was not proper in the Middle District of Florida from the facts as alleged and denied the construed motion without prejudice.  The Court further ordered Plaintiff to file an amended complaint to explain why venue should be proper in the Middle District of Florida, along with a renewed request to proceed *in forma pauperis*.  The Court cautioned Plaintiff that failure to file an amended complaint demonstrating that venue is proper in the District would result in a recommendation that Plaintiff's action be dismissed.  Plaintiff timely filed an Amended Complaint.

## STANDARD

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor.  28 U.S.C. § 1915(a)(1).  This court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs seeking leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii).  *Pro se* plaintiffs have an obligation to ensure that their lawsuits meet the basic fundamentals of proper pleadings.  One of these basic rudiments of a valid civil complaint is that the complaint is filed in the proper court, a court which has venue over the actions and parties which are the subject of the litigation.

28 U.S.C. § 1391(b) defines proper venue.  Generally, cases in federal court should be brought:

"in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."

28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may dismiss a case for improper venue as long as the court provides proper notice and opportunity to be heard on the issue. *See Lopez v. United States of America,* No. 14-14419, 2016 WL 3771824, at *9 (11th Cir. July 15, 2016) (*per curiam*); *Wilkinson v. Sec'y, Florida Dep't of Corr.*, 622 Fed. App'x 805, 808–09 (11th Cir. 2015); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *Algodoner De Las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005) (quoting *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988)); *Kidwell v. Arison*, No. 2:13-CV-536-FTM-38, 2013 WL 3927822, at *1 (S.D. Fla. July 24, 2013).

## FACTS AS ALLEGED

The substance of Plaintiff's Amended Complaint is identical to that of her Complaint. Plaintiff started her employment with Fedex in Tampa, Florida in 2007. Subsequently, she was transferred to Richwood, Texas in 2010, and thereafter to Bakersfield, California in 2013. After her transfer to Bakersfield, Plaintiff alleges that she informed manager Mike O'Hearn in August 2013 that she had numerous medical issues including being positive for human immunodeficiency virus, a knee injury that had not healed, spine problems, and PTSD.

Later in 2013, she alleges that Mike O'Hearn and Latefah Cade forced Plaintiff to work in the hot sun. After hours of work in the heat, Plaintiff began suffering the severe heat-related

symptoms.   She informed O'Hearn and Cade that she needed medical treatment, but both individuals told Plaintiff to continue working.  Cade specifically told Plaintiff to continue her work delivering packages or quit her job.  Plaintiff could not continue to work and later went to the doctor, who diagnosed Plaintiff with heatstroke.  Plaintiff alleges that O'Hearn and Cade used their knowledge of her medical conditions "to get [her] out of [her] employment with Fedex Express." According to Plaintiff's Amended Complaint, Fedex is located in Memphis, Tennessee, and both O'Hearn and Cade are located in Bakersfield, California.

Plaintiff has supplied numerous attachments to her Amended Complaint, including correspondence from Fedex and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff does not refer to or cite any of these documents in the narrative of her Amended Complaint.

## ANALYSIS

From the facts as alleged, venue is improper in the Middle District of Florida.   The Defendants do not reside in the same state, so venue cannot lie under 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(2), venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."   Plaintiff states that she told O'Hearn about her medical conditions while they were in Bakersfield, California, and further alleges that she suffered heatstroke while working in Bakersfield, California.  Thus, venue for this action would be more proper in the federal judicial district which encompasses Bakersfield. Plaintiff further alleges in her Amended Complaint that she is employed and receiving medical care in Tampa, Florida, but this alone does not make venue proper in this District under § 1391(b).

Plaintiff also states that venue is proper in this district because "EEOC OF LOS ANGELES, CA CHARGE NUMBER 408-2014-02467; Stated that I would be able file this charge

right to sue in any state." Plaintiff gives no context for this vague, unsourced statement, nor does Plaintiff cite any statute, regulation, or other legal authority as to why this Court must follow the EEOC's direction to Plaintiff rather than the rules of venue laid out in § 1391(b).

Plaintiff must be given notice and opportunity to be heard before this Court may dismiss her Amended Complaint under 28 U.S.C. §1406(a). This Court finds that Plaintiff has been given notice and opportunity to be heard regarding the issue of proper venue for this action. This Court initially denied Plaintiff's request to proceed *in forma pauperis* because Plaintiff failed to demonstrate that venue was proper in this District. This Court gave time for Plaintiff to file an amended complaint addressing proper venue. This Court cautioned Plaintiff that failure to file an amended complaint explaining why venue would be appropriate in this District would result in a recommendation of dismissal. Plaintiff has now failed to allege proper venue in her Amended Complaint. Accordingly, it is

**RECOMMENDED:**

1. Plaintiff's renewed construed motion to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED.**

2. Plaintiff's Amended Complaint (Dkt. No. 6) be **DISMISSED WITH PREJUDICE.**

**IT IS SO REPORTED** in Tampa, Florida, on this 12th day of September, 2016.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Plaintiff, *pro se*

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.